# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

LOIS E. DAVIS                                        CIVIL ACTION NO. 15-2012

VERSUS                                              JUDGE S. MAURICE HICKS, JR.

WAL-MART LOUISIANA, LLC.                            MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Record Document 10] filed on behalf of the Defendant, Wal-Mart Louisiana, LLC, wherein Wal-Mart seeks to have the claims of Plaintiff, Lois E. Davis, dismissed pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff opposes this motion.  [Record Document 14].  For the reasons discussed herein, Wal-Mart's Motion for Summary Judgment is **GRANTED.**

## FACTUAL AND PROCEDURAL BACKGROUND

On April 22, 2015, Plaintiff filed suit in the 26th Judicial District Court for the Parish of Bossier, State of Louisiana, against Wal-Mart for injuries she allegedly sustained at the Wal-Mart Store, located at 2536 Airline Drive, Bossier City, LA 71111.  [Record Document 1-3 at ¶ 2].  She alleges that Wal-Mart "allowed water and clear plastic produce bag to exist and remain on its floor such that the floor was too dangerous to walk on".  Id. at ¶ 3.  Davis further alleges that she stepped on the clear plastic produce bag on the wet floor, which resulted in her slipping and falling.  Id.  Wal-Mart removed the case to the Western District of Louisiana, Shreveport Division, on the basis of diversity jurisdiction.  Id.

In its motion for summary judgment, Wal-Mart argues that the deposition testimony of both Plaintiff and her daughter establishes: "neither the plaintiff nor her daughter saw the

water or the plastic bag before plaintiff's fall", nor do they know how long the plastic bag was on the floor or how it got there.  Record Document 10-2.  Plaintiff's daughter testified in her deposition that after the fall, she saw some "puddles of water, about the size of a sheet of paper or smaller, but those puddles were clear."  Id. In other words, Wal-Mart contends that Plaintiff must establish not only the existence of a condition that presented an unreasonable risk of harm, in this case, a plastic produce bag on the floor, but also that Wal-Mart had actual or constructive notice that the condition existed, which Plaintiff cannot do.

Plaintiff opposes the summary judgment motion arguing that "significant circumstantial evidence certainly exists to prove the hazardous condition existed for such a time that Wal-Mart's employees should have discovered it in the exercise of reasonable care."  [Record Document 14].  Specifically, Plaintiff contends that she is not required to prove by eyewitness testimony that the hazardous condition existed for a certain number of minutes prior to the fall in order to prove constructive notice.  Id.  Plaintiff also relies on the Wal-Mart policy requiring employees to maintain a "safe environment" for its customers. A "safe environment" is defined as "no hazardous conditions being allowed to exist on the store's floors."  Id.  Furthermore, Plaintiff argues that based on her slipping and falling on a plastic bag that sat in a puddle of water, Wal-Mart employees failed to identify and remedy these hazards. Id.

## SUMMARY JUDGMENT STANDARD

Rule 56(a) provides, in pertinent part:

Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought.  The court

shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

F.R.C.P. 56(a) (emphasis added); see also Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).[1] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Quality Infusion Care, Inc., 628 F.3d at 728.  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

## LAW AND ANALYSIS

Under Louisiana law, a merchant owes a duty to all persons who use its premises "to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition."  La. R.S. 9:2800.6(A).  Regardless of a merchant's affirmative duty to keep

---

[1]The Court notes that amended Rule 56 requires that there be "no genuine dispute as to any material fact," but this change does not alter the Court's analysis.  F.R.C.P. 56(a) and Advisory Committee Notes.

the premises in a reasonably safe condition, a merchant is not the insurer of the safety of his patrons.  Noel v. Target Corp. of Minn., 2007 WL 2572308, *1 (W.D.La. 2007).  Thus, in order to impose liability on a merchant under this statute, the claimant has the burden of proving all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care.  In determining reasonable care, the absence of a written or verbal cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B).

A merchant is presumed to have "constructive notice" of the condition if "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1).  "The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition."  Id.

This Court is focusing on the second prong of the elements for merchant liability, actual or constructive notice, in its analysis.  The Louisiana Supreme Court has made it clear that the plaintiff "must make a positive showing of the existence of the condition prior to the fall." White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1084 (La. 1997).  Whether the condition existed for a sufficient period of time is necessarily a fact question.  The burden

remains on the plaintiff to show *some* time period prior to the fall.[2]  Id. ("A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.").  "A defendant merchant does *not* have to make a positive showing of the *absence* of the existence of the condition prior to the fall."  Id. (emphasis added); Noel, 2007 WL 2572308, *2.

Plaintiff testified that she did not see any water on the floor or a plastic bag on the floor prior to her fall.  See Record Document 10-4.  Plaintiff's daughter was walking ahead of the Plaintiff and did not see her mother fall, but she testified that she did not see anything on the floor.  See Record Document 10-5 at p.18.  Plaintiff has no knowledge of anyone who witnessed the incident and has failed to produce any witnesses or evidence to show *how* or *when* the water and plastic bag came to be on the floor.

In the absence of any positive evidence indicating how the water was spilled onto the floor or that the water and plastic bag were on the floor for such a period of time that Wal-Mart should have discovered their existence, Plaintiff has failed to raise a genuine issue of material fact as to constructive notice.  See Abshire v. Hobby Lobby Stores, Inc., 2009 WL 1310893, *3 (W.D.La. 2009) (plaintiff testified that she did not notice the spill on the floor prior to her fall, she did not know how long the bottle was on the floor prior to her

---

[2]The statute "places a heavy burden of proof on plaintiffs."  Bagley v. Albertsons, Inc., 492 F.3d 328, 330 (5th Cir. 2007) (quoting Jones v. Brookshires Grocery Co., 847 So.2d 43, 48 (La.App. 2 Cir. 2003)).  "'Mere speculation or suggestion' is not sufficient to meet this burden, and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are 'no more likely than any other potential scenario.'"  Id. (quoting Allen v. Wal-Mart Stores, Inc., 850 So.2d 895, 898-99 (La.App. 2 Cir. 2003)).

fall, and she knew of no one who could testify as to how long the bottle had been there before the incident); Howard v. Family Dollar Store No. 5006, 914 So.2d 118 (La.App. 2 Cir. 2005) (in the absence of additional evidence concerning the origin and mechanics of the spill, the court declined to infer a correlation between the size of the spill and the length of time the spill existed prior to the incident); contra, Bagley v. Albertsons, Inc., 492 F.3d 328 (5th Cir. 2007) (wherein the plaintiff presented testimony from a witness who observed a trail of the substance running down the aisle and into an adjacent aisle); Broussard v. Wal-Mart Stores, Inc., 741 So.2d 65 (La.App. 3 Cir. 1999) (pictures taken by a Wal-Mart employee showed a bottle of dishwashing detergent had spilled from the shelf onto the floor, resulting in a long, elongated spill that spanned three to four tiles).  Thus summary judgment in favor of Wal-Mart will be granted, as Plaintiff can not meet her burden of proof as to the second element.

### CONCLUSION

Based on the foregoing reasons, the Court finds there is no genuine dispute of material fact for trial and that Wal-Mart is entitled to judgment in its favor as a matter of law. Accordingly, Wal-Mart's Motion for Summary Judgment [Record Document 10] shall be **GRANTED**, and Plaintiff's claims **DISMISSED WITH PREJUDICE**.

A Judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 29th day of July, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE